IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Barry M. Keels ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| Continental Tire Sumter LLC and ) | |
| Continental Tire The Americas, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**NOTICE OF REMOVAL**

# EXHIBIT A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SUMTER ) | CASE NO.: 2020-CP-43-____ |

Barry M. Keels, )
    Plaintiff, )    **SUMMONS**
)
v. )
)
Continental Tire Sumter, LLC and )
Continental Tire The Americas, LLC, )
    Defendants.

TO THE ABOVE NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED and requested to answer the Complaint in this action of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office, 8086 Rivers Avenue, Suite A, North Charleston, South Carolina 29406, within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

    Respectfully submitted,

    **WIGGER LAW FIRM, INC.**

    s/Brice E. Ricker
    Brice E. Ricker
    8086 Rivers Avenue, Ste A
    North Charleston, SC 29406
    (843) 553-9800
    Attorney for Plaintiff

North Charleston, South Carolina
This 10th day of January 2020.

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF SUMTER | ) IN THE COURT OF COMMON PLEAS<br>) FOR THE THIRD JUDICIAL CIRCUIT<br>)|
| Barry M. Keels,<br>   Plaintiff, | ) CASE NO.: 2020-CP-43-____<br>)<br>) |
| v. | ) **COMPLAINT**<br>) **JURY TRIAL REQUESTED** |
| Continental Tire Sumter, LLC and Continental<br>Tire The Americas, LLC,<br>   Defendants. | )<br>)<br>) |

The Plaintiff complaining of the Defendant alleges as follows:

ONE: Plaintiff Barry M. Keels is a citizen and resident of Clarendon County, South Carolina.

TWO: Defendant Continental Tire Sumter, LLC, upon information and belief, is a foreign corporation and is operating by virtue of laws of the State of Delaware, and at all times herein operated as a business within the State of South Carolina and the County of Sumter.

THREE: Defendant Continental Tire The Americas, LLC, upon information and belief, is a foreign corporation and is operation by virtue of laws of the State of Ohio, and at all times herein operated as a business within the State of South Carolina and the County of Sumter.

FOUR: On or about September 28, 2015, the Plaintiff and the Defendants entered into an employment relationship whereby the Defendants employed the Plaintiff to begin work at that time for an indefinite term.

FIVE: That on or about January 12, 2018, a new contract was entered into by the Plaintiff and the defendants whereby the defendants offered to increase the rate of pay for the Plaintiff as the Plaintiff completed progressive levels of job training.

SIX: However, when the Plaintiff completed his training as agreed, the defendants did not increase his rate of pay as promised.

SEVEN: Despite a written agreement, the Plaintiff's wages were wrongfully withheld by the defendant without any justification, and he was paid less than agreed until his termination on August 30, 2019.

EIGHT: The Plaintiff complained on numerous occasions regarding the insufficiency of his wage payments.

NINE: As a result of the Plaintiff's repeated complaints regarding non-payment of the wages he earned while working for the defendant, the Plaintiff was terminated by the defendants. But for

ELECTRONICALLY FILED - 2020 Jan 10 2:51 PM - SUMTER - COMMON PLEAS - CASE#2020CP4300071

his complaints regarding the insufficiency of his wage payments, he would not have been terminated by the defendants.

## FOR A FIRST CAUSE OF ACTION
### Violation of South Carolina Payment of Wages Act

TEN:  The Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

ELEVEN:  The Defendants wrongfully withheld the Plaintiff's wages he rightfully earned.

TWELVE:  The Defendants were consciously aware that they were not paying the Plaintiff's agreed upon wages as they had entered into a written agreement specifically identifying the amount of wages owed.

THIRTEEN:  The Defendants have no justification for withholding said wages.

FOURTEEN:  The Defendants failed to pay said wages after numerous complaints by the Plaintiff.

FIFTEEN:  The Plaintiff is entitled to an award of damages against the Defendant in an amount to be determined by the trier of fact; additionally, because the damages relate to wages owed to him, the Plaintiff is entitled to treble damages pursuant to the South Carolina Payment of Wages Act, South Carolina Code of Laws Sec. 41-10-80, 1976, as amended, plus attorney fees and costs.

## FOR A SECOND CAUSE OF ACTION
### Breach of Contract

SIXTEEN:  The Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

SEVENTEEN:  That on or about January 12, 2018, the Plaintiff entered into a valid and enforceable contract with the Defendants by which the parties agreed that Plaintiff would be paid between $12.00 and $17.00 per hour depending on the completion of the Maintenance Apprentice Program.

EIGHTEEN:  That the Defendants breached the contract with the Plaintiff by failing to increase his pay once he had completed the Maintenance Apprentice Program requirements.

NINETEEN:  That the Plaintiff was damaged as a result of the breach in an amount to be determined by the trier of fact.

## FOR A THIRD CAUSE OF ACTION
### Conversion

TWENTY:  The Plaintiff realleges and incorporates by reference the allegations contained hereinabove as if fully set forth herein.

ELECTRONICALLY FILED - 2020 Jan 10 2:51 PM - SUMTER - COMMON PLEAS - CASE#2020CP4300071

TWENTY-ONE: The Defendant committed conversion against the Plaintiff in the following particulars to wit:

    (a) In wrongfully withholding the Plaintiff's money from his possession;

    (b) In withholding the Plaintiff's money with the intent to permanently deprive and defraud the Plaintiff of the use and benefit of the money; and

    (c) In withholding the Plaintiff's property with the intent to permanently appropriate the property for the use of the Defendant or any other person other than the Plaintiff.

TWENTY-TWO: The Defendant also committed conversion against the Plaintiff by not surrendering the money upon his request for wages owed to him.

TWENTY-THREE: The Defendant's actions were without right or justification and constituted the conversion of the Plaintiff's property.

TWENTY-FOUR: The Defendant acted maliciously and in bad faith in that they knowingly converted the Plaintiff's funds when in the exercise of reasonable care they should have known their actions were wrongful.

TWENTY-FIVE: That as a direct and proximate result the Plaintiff has suffered a loss of income and has been otherwise injured and damaged in such amount as a judge and jury may determine.

## FOR A FOURTH CAUSE OF ACTION
### Unjust Enrichment

TWENTY-SIX: The Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

TWENTY-SEVEN: Based upon the agreement between the Plaintiff and the Defendants, the Plaintiff performed services for the Defendants in exchange for a sum of wages pursuant to the agreement. The Defendants have failed and continue to fail to pay the monies owed to the Plaintiff as agreed.

TWENTY-EIGHT: The Defendants were unjustly enriched in maintaining wages which rightfully belong to the Plaintiff.

TWENTY-NINE: As a result of the Defendants' unjust enrichment, the Plaintiff is entitled to an award of damages against the Defendant in an amount to be determined by the trier of fact.

THIRTY: That as a direct and proximate result of said conduct on the part of the Defendant, its agents and servants, the Plaintiff has been damaged as aforesaid, both actual and punitive, in such amount as a judge and jury may award.

## FOR A FIFTH CAUSE OF ACTION
### Violation of the Fair Labor Standards Act: Retaliatory Discharge

ELECTRONICALLY FILED - 2020 Jan 10 2:51 PM - SUMTER - COMMON PLEAS - CASE#2020CP4300071

THIRTY-ONE:    The Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

THIRTY-TWO:    The Plaintiff made numerous complaints to the defendants regarding the wages that were withheld from him by the defendants.

THIRTY-THREE:   In response – and as a direct retaliatory measure – the defendants terminated the Plaintiff's employment in violation of the Fair Labor Standards Act.

THIRTY-FOUR:    As a result of the defendants' retaliatory termination in violation of the Fair Labor Standards Act, the Plaintiff has suffered damages in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendants for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorneys fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendants for past wages and overtime and any other work benefits he lost in an amount to be determined by the trier of fact, treble damages and front pay;

4. Judgment against the Defendants for actual damages, punitive damages, legal fees, costs and any other relief this Honorable Court deems just and proper.

Respectfully submitted,

s/Brice E. Ricker
Brice E. Ricker
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800
Attorney for Plaintiff

North Charleston, South Carolina
This 10th day of January, 2020

ELECTRONICALLY FILED - 2020 Jan 10 2:51 PM - SUMTER - COMMON PLEAS - CASE#2020CP4300071